**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2017 MSPB 6**

Docket No. CB-1208-17-0019-U-1

**Special Counsel**

**ex rel. Dale Klein,**

**Petitioner,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

June 19, 2017

Sheri S. Shilling, Esquire, Washington, D.C., for the petitioner.

Loretta Poston, Esquire, Tampa, Florida, for the relator.

Michael E. Anfang, Kansas City, Missouri, for the agency.

Pamela R. Saunders, Minneapolis, Minnesota, for the agency.

**BEFORE**

Mark A. Robbins, Vice Chairman

**OPINION AND ORDER**

¶1　　　Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) has requested a 45-day stay of the proposal to remove Dr. Dale Klein while OSC completes its investigation and legal review of Dr. Klein's prohibited personnel practice complaint and determines whether to seek corrective action. For the reasons discussed below, OSC's stay request is DENIED WITHOUT PREJUDICE.

## BACKGROUND

¶2 On May 26, 2016, OSC previously filed a request for a 45-day stay of a decision of the Department of Veterans Affairs (DVA) to terminate Dr. Klein during his probationary period, effective April 28, 2016. *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-1, Stay Request File (U-1 SRF), Tab 1. OSC alleged that Dr. Klein, a pain management physician, was terminated in retaliation for making protected disclosures to DVA's Office of the Inspector General (OIG) and DVA management officials that patients were diverting controlled substances and DVA was not taking appropriate preventive measures and that DVA had not provided him with a sterile area to perform injections. U-1 SRF, Tab 1 at 7. OSC also alleged that Dr. Klein engaged in protected activity when he was interviewed by the OIG in January 2016 concerning his disclosures. *Id.*

¶3 The Board granted OSC's request, U-1 SRF, Tab 3, and subsequently granted several extensions of the stay, which was in place from June 1, 2016, through May 12, 2017. *See Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket Nos. CB-1208-16-0023-U-3, CB-1208-16 0023-U-4, CB-1208-16-0023-U-5, CB-1208-16-0023-U-6.

¶4 In its current stay request, OSC asserts that, following the expiration of the stay on May 12, 2017, DVA proposed Dr. Klein's removal on May 31, 2017, based on two charges: (1) failure to follow orders to begin treating patients; and (2) offensive language. OSC contends that the proposed removal constitutes further retaliation because it occurred shortly after the OIG issued a report that OSC contends substantiated Dr. Klein's disclosures regarding the diversion of controlled substances, and shortly after OSC issued a prohibited personnel practice report on May 11, 2017, finding that DVA had violated sections 2302(b)(8) and (b)(9) by terminating Dr. Klein's employment during his probationary period. OSC further contends that DVA's reasons for proposing Dr. Klein's removal for failure to follow orders to start treating patients are weak

because Dr. Klein had been engaged in discussions with DVA about returning to treating patients after not having done so for over a year as a result of the agency's prior termination action and the Board's prior stay orders. OSC maintains that, in the midst of these discussions concerning training, equipment, and resources, DVA proposed Dr. Klein's removal in further retaliation for his prior disclosures and for his subsequent protected activity of filing an OSC complaint.

ANALYSIS

¶5    This request is before the Board under unusual circumstances. Under 5 U.S.C. § 1214(b)(1)(B), a request for an extension of a previously granted stay of a personnel action may be granted only by the Board. A quorum must be present for the Board to consider OSC's request for an extension. When the stay expired on May 12, 2017, the Board lacked a quorum and, thus, also the authority to grant an extension of the previously granted stay, had OSC requested it and the sole Board member determined that such an extension was appropriate. In addition, OSC contends that 1 day prior to the expiration of the stay, it issued its prohibited personnel practices report finding that DVA violated sections 2302(b)(8) and (b)(9).

¶6    Under the unusual circumstances of this case, OSC's request is to be viewed as a request for an extension of the stay previously granted through May 12, 2017. The May 31, 2017 proposal to remove Dr. Klein does not appear to be separate from the issues surrounding the agency's prior termination action. Rather, OSC contends that it stems from and is related to Dr. Klein's conduct during discussions regarding his return to treating patients. Thus, the 2017 proposed removal appears intertwined with the parties' attempts to comply with the Board's November 10, 2016 stay extension order, which ordered DVA to reassign Dr. Klein to a pain management physician position in Columbia,

Missouri, during the pendency of the stay, provided that the Columbia, Missouri facility granted him the necessary clinical privileges.

¶7       At present, there is only one Board member and the Board lacks a quorum. Thus, the Board lacks the authority to act upon OSC's request for an extension of the stay. However, Congress has recently passed legislation amending 5 U.S.C. § 1214 to allow an individual Board member to extend a stay granted under section 1214(b)(1)(A) during periods when the Board lacks a quorum. *See* S. 1083 115th Cong. (as passed by the House of Representatives on May 25, 2017, and by the Senate on June 14, 2017). The Vice Chairman has publicly stated support for this legislation and has so informed the White House Office of Policy Development and the Office of Management and Budget of this support. There does not appear to be any opposition to the legislation's enactment. Following the enactment of this legislation, OSC again can petition the Board for an extension of the previously granted stay. Given the unusual circumstances present in this case and the fact that the Board has been without a quorum since January 7, 2017, should OSC request an extension of the stay following enactment of the pending legislation, OSC also may include a request that the stay be granted retroactive to May 13, 2017.

## ORDER

¶8        Accordingly, OSC's present request for an extension of the stay is hereby denied without prejudice.[*]


FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.

---

[*] Pursuant to 5 U.S.C. § 7513(b)(1), DVA is required to afford Dr. Klein 30 days' advance notice prior to effecting his removal.  OSC indicates that DVA notified Dr. Klein on May 31, 2017, that it was proposing his removal.  Thus, there does not appear to be any immediate harm to Dr. Klein as a result of the Board's current inability to act upon OSC's request for an extension of the stay until the pending legislation is enacted.