# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. DALE KLEIN,
      Petitioner,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
CB-1208-16-0023-U-7

DATE: June 29, 2017

## THIS STAY ORDER IS NONPRECEDENTIAL[*]

Sheri S. Shilling, Esquire, Washington, D.C., for the petitioner.

Loretta Poston, Esquire, Tampa, Florida, for the relator.

Michael E. Anfang, Esquire, Kansas City, Missouri, for the agency.

Pamela R. Saunders, Minneapolis, Minnesota, for the agency.

### BEFORE

Mark A. Robbins, Vice Chairman

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## ORDER ON STAY EXTENSION REQUEST

¶1    Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 90-day extension of the previously granted stay of the agency's termination of Dr. Dale Klein, retroactive to May 13, 2017.  For the reasons discussed below, OSC's request is GRANTED IN PART and the stay is extended through July 14, 2017, retroactive to May 13, 2017.

## BACKGROUND

¶2    On June 14, 2017, OSC requested a 45-day initial stay of a May 31, 2017 proposal by the Department of Veterans Affairs (DVA) to remove Dr. Klein based on two charges:  (1) failure to follow orders to begin treating patients; and (2) offensive language.  *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-17-0019-U-1, Stay Request File, Tab 1.  OSC's request was viewed as a request for an extension of a stay of DVA's decision to terminate Dr. Klein during his probationary period that was previously granted through May 12, 2017.  *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, 2017 MSPB 6.  Because the Board was without a quorum, and lacked the authority to rule upon a stay extension request, OSC's request was denied without prejudice.  *Id.*  Recently, however, Congress passed legislation that would allow an individual Board member to extend a stay under section 1214(b)(1)(B) when the Board lacks a quorum, and informed OSC that following the enactment of such legislation, it could petition for an extension of the previously granted stay.  *Id.*  OSC now requests a 90-day extension of the previously granted stay, retroactive to May 13, 2017.

## ANALYSIS

¶3    Until recently, under 5 U.S.C. § 1214(b)(1)(B), a request for an extension of a previously granted stay of a personnel action could be granted only by the Board.  However, Congress recently passed legislation amending 5 U.S.C.

§ 1214(b)(1)(B) to allow an individual Board member to extend a stay granted under section 1214(b)(1)(A) during periods when the Board lacks a quorum. *See* S. 1083, 115th Cong. (as passed by the House of Representatives on May 25, 2017, and by the Senate on June 14, 2017). On June 27, 2017, this legislation was signed into law. Thus, although at present there is only one Board member and the Board continues to lack a quorum, pursuant to 5 U.S.C. § 1214(b)(1)(B)(ii), an individual Board member may rule on OSC's request for an extension of the stay.

¶4   A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id.*  In evaluating a request for an extension of a stay, the record will be reviewed in the light most favorable to OSC and a stay extension request will be granted if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. An extension may be granted for any period that is considered appropriate. 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007). Given the circumstances and history of this case, it is appropriate to extend the stay through July 14, 2017. Under the Board's regulations, DVA must be given an opportunity to comment on the request for an extension. DVA may file any comments on the requested extension on or before July 6, 2017. A ruling will be made on the remaining balance of OSC's request for an extension of the stay after DVA has been afforded an opportunity to respond.

## ORDER

¶5   Based on the foregoing, granting OSC's request for an extension of the stay in part is appropriate. Accordingly, a stay of Dr. Klein's proposed removal

and/or termination is granted through July 14, 2017, retroactive to May 13, 2017. It is further ORDERED that:

(1)    During the pendency of this stay, Dr. Klein shall be returned to the status quo ante as of May 12, 2017, when the previous stay expired;

(2)    DVA shall not effect any changes in Dr. Klein's duties or responsibilities that are inconsistent with his salary or grade level, or impose upon him any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    DVA shall not issue a decision on the May 31, 2017 proposed removal; and

(4)    Within 5 working days of this Order, DVA shall file evidence to the Clerk of the Board showing that it has complied with this Order.

FOR THE BOARD:                _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.